13-2227-cv
*J.T. Colby & Co. v. Apple Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand fourteen.

PRESENT:

    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,

        *Circuit Judges.*

———————————————————————————

J.T. COLBY & COMPANY, INC., DBA BRICK TOWER PRESS,
J. BOYLSTON & COMPANY, PUBLISHERS LLC,
IPICTUREBOOKS LLC,

        *Plaintiffs-Appellants,*

    -v.-                          No. 13-2227-cv

APPLE INC., AKA APPLE, INC.,

        *Defendant-Appellee.*

———————————————————————————

        ROBERT L. RASKOPF (Todd Anten, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, PARTHA P. CHATTORAJ, David A. Shaiman, Allegaert Berger & Vogel LLP, New York, NY, *for Plaintiffs-Appellants.*

RICHARD P. BRESS, Latham & Watkins LLP, Washington, DC, PERRY J. VISCOUNTY, Latham & Watkins LLP, Menlo Park, CA, JENNIFER L. BARRY, Latham & Watkins LLP, San Diego, CA, MATTHEW W. WALCH, Latham & Watkins LLP, Chicago, IL, DALUE M. CENDALI (Claudia Ray, Bonnie L. Jarrett, *on the brief*), Kirkland & Ellis LLP, New York, NY, for *Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED.**

Plaintiffs-Appellants J.T. Colby & Company, Inc.; J. Boylston & Company, Publishers LLC; and iPicturebook LLC ("Plaintiffs") are three independent book publishers owned by John Colby ("Colby"). These companies have been publishing physical books and e-books under the imprint "ibooks" since 2006, when they purchased the rights to use the imprint in a bankruptcy proceeding. Defendant-Appellee Apple Inc. ("Defendant") is a major technology corporation that uses the trademark "iBooks" for an e-reader software program that appears on its hardware devices. On June 15, 2011, Plaintiffs filed suit in the United States District Court for the Southern District of New York claiming, *inter alia*, that Defendant's use of "iBooks" infringed on Plaintiffs' trademark rights in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). After discovery, the parties filed cross-motions for summary judgment. The district court (Cote, *J.*) granted summary judgment for Defendant and dismissed, *inter alia*, Plaintiffs' trademark infringement claim. *J.T. Colby & Co. v. Apple Inc.*, No. 11-cv-4060, 2013 WL 1903883 (S.D.N.Y. May 8, 2013). This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment *de novo*. *Mullins v. City of N.Y.*, 653 F.3d 104, 113 (2d Cir. 2011). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may . . . point[] to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996). We "constru[e] the evidence in the light most favorable to the non-moving party," and uphold the grant of a motion for summary judgment if we conclude that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Silverman v. Teamsters Local 210 Affiliated Health & Ins. Fund*, 2014 WL 3765933, at *6 (2d Cir. Aug. 1, 2014) (quoting Fed. R. Civ. P. 56(a)).

Section 43(a) of the Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device" that "is likely to cause confusion . . . as to the origin, sponsorship or approval" of goods or services. 15 U.S.C. § 1125(a)(1). The provision protects both registered and unregistered trademarks. *Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 212 (2d Cir. 1985). To prevail on an infringement claim, a plaintiff must prove (1) that it owns a "protectable trademark" and (2) that the defendant's mark "is likely to confuse consumers as to the source or sponsorship of [the plaintiff's] product." *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000).

In this case, the confusion that Plaintiffs allege is that consumers may believe the Plaintiffs are "unauthorized infringer[s]" of Apple's trademark, *Kelley-Brown v. Winfrey*, 717 F.3d 295, 304-05 (2d Cir. 2013), or that their books are "produced by" Apple, *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991). The Lanham Act guards against this "reverse confusion" to prevent "a larger, more powerful company [from] usurping the business identity of a smaller senior [trademark] user." *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432,

3

445 (3d Cir. 2000).  To assess the likelihood of confusion, we apply the eight-factor test from *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961).  These eight factors are: "(1) the strength of the mark, (2) the similarity of the two marks, (3) the proximity of the products, (4) actual confusion, (5) the likelihood of plaintiff[s] bridging the gap, (6) defendant's good faith in adopting its mark, (7) the quality of defendant's products, and (8) sophistication of the consumers." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 116 (2d Cir. 2006).  This evaluation is not a "mechanical process"; instead, we focus on the "ultimate question of whether consumers are likely to be confused." *Nabisco*, 220 F.3d at 46 (citations omitted).

Plaintiffs have not raised more than a "mere possibility" that consumers are likely to be confused by Defendant's trademark.  *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 121 (2d Cir. 2001).  Apple's "iBooks" mark is, along with its suite of other "i"-prefix marks, part of a well-known international brand.  But Plaintiffs' "ibooks" imprint, when viewed in context, is neither similar to Defendant's mark in appearance nor proximate to it in the marketplace.  Plaintiffs' imprint appears on physical books and e-books.  It is frequently surrounded by contextual information that associates it with a publishing company, including the publishing company's name and  location, the title of a book and its author, and other copyright information.  *See  Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 386 (2d Cir. 2005) ("[I]n assessing similarity, courts look to the overall impression created by the logos and the context in which they are found . . . .").  Defendant's mark, on the other hand, identifies a virtual marketplace for buying e-books and appears exclusively on Apple-branded hardware.  *See id.*; *Lang*, 949 F.2d at 581-82 (finding trademarks dissimilar because "the general impression conveyed to the public by the[] designations differs significantly").  The Defendant does not publish books and the Plaintiffs do not create a marketplace

4

to purchase them; their products do not directly compete, serve a similar purpose, or appear in the same channels of commerce. *See Lang*, 949 F.2d at 582.[1] Plaintiffs' argument that they will bridge that gap is no more than speculation. *See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 346 (2d Cir. 1999). In light of these significant differences, we reject Plaintiffs' contention that a reasonable jury could conclude, as a matter of "common sense," that consumers are actually confused by the two marks. Indeed, the district court correctly decided that these factors do not even raise a genuine issue of material fact as to "whether there is any *likelihood* that an appreciable number of ordinarily prudent purchasers are likely to be misled . . . as to the source of the goods in question." *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir. 1978) (emphasis added).

The circumstances surrounding Defendant's decision to adopt the "iBooks" trademark also do not plausibly support a likelihood of consumer confusion. A defendant's bad faith or intentional copying can "bolster[] a finding of consumer confusion." *Charles of the Ritz Grp. Ltd. v. Quality King Distribs., Inc.*, 832 F.2d 1317, 1322 (2d Cir. 1987). But here, Plaintiffs have failed to raise a genuine dispute of material fact about Defendant's bad faith. Apple conducted an extensive trademark clearance process that did not reveal Plaintiffs' use of the "ibooks" imprint. *See Star Indus.*, 412 F.3d at 388 ("This Court has never held adoption of a mark with no knowledge of a prior

---

[1] Although we have previously held that products are proximate when they are "complementary," *see Plus Prods. v. Plus Discount Foods, Inc.*, 722 F.2d 999, 1008 (2d Cir. 1983) (holding that a food store's offering of vitamins was proximate to a nutritional company's vitamin product); *Am. Int'l Grp., Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 352-53 (2d Cir. 1981) (holding that a junior user's service of "arrang[ing] insurance for its customers" was complementary with a senior user's insurance product), here only a very small fraction of Plaintiffs' products — 1.83% — are complementary. The vast majority of Plaintiffs' products are physical books that cannot be sold through Defendant's product. Such a small fraction of products is unlikely to induce the consuming public to associate Plaintiffs' and Defendant's products sufficient to sow confusion.

5

similar mark to be in bad faith even in the total absence of a trademark search . . . .").  While Colby informed Defendant that his companies used the "ibooks" imprint, he did so only after Apple had publicly announced its "iBooks" e-reader program.  That tardy knowledge does not evince an intent to "capitaliz[e] on [Plaintiffs'] reputation" or "promote confusion" between the marks.  *W.W.W. Pharm. Co. v. Gillette Co.*, 984 F.2d 567, 575 (2d Cir. 1993), *abrogated on other grounds by Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 46 & n.10 (2d Cir. 1994); *see also Lang*, 949 F.2d at 584 ("[A]doption of a trademark with actual knowledge of another's prior registration of a very similar mark may be consistent with good faith.").

We have reviewed Plaintiffs' remaining arguments in support of a likelihood of confusion and find them to be without merit.  Since Plaintiffs have failed to raise a genuine dispute of material fact about the likelihood that consumers will be confused by Defendant's use of the "iBooks" mark, we need not and do not address whether their "ibooks" imprint is a protectable trademark under the Lanham Act.  The judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6